## CARNEY v. WILLIAMS. (No. 7242.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1924.)

**Judgment ☞106(1)—Default in face of insufficient pleading and of answer seasonably filed cannot stand.**

Where defendant against whom pleading made no cause of action, timely filed, full answer upon merits, judgment rendered against her by default cannot stand.

Error from Bexar County Court; McCollum· Burnett, Judge.

Action by H. G. Williams against R. S. Gillis and Alice Woodly Carney. Judgment for plaintiff, and defendant Carney brings error. Reversed and remanded.

T. M. West, of San. Antonio, for plaintiff in error.

Wm. Alter, of San Antonio, for defendant in error.

SMITH, J. Defendant in error, Williams, brought this suit against "R. L. Gillis and (plaintiff in error) Alice Woodly Carney, formerly Mrs. R. L. Gillis," alleging that, on a named date, R. L. Gillis executed and delivered a certain promissory note to Williams, and that on the same day said R. L. Gillis also executed and delivered to Williams a mortgage upon certain household articles to secure the payment of the note. Said note was set out in hæc verba, showing it was executed by Gillis, but not by his former wife, nor was there any allegation that the latter executed either the note or the mortgage; on the contrary, the plaintiff's pleadings clearly negatived the woman's participation in the transaction. Of course, in this state of the case, no recovery was authorized against her.

Alice Woodly Carney, née Gillis, however, seasonably filed an answer, consisting of general demurrer, general denial, verified plea of non est factum, and special answers that the property covered by the mortgage in question was her separate property; that said mortgage was executed by her former husband without her knowledge or consent; that defendant in error, Williams, knew said property was her separate property at the time he obtained the mortgage thereon; and that said mortgage was not taken in good faith. Of course the timely filing of this answer effected a joinder of issues, put the plaintiff to proof, and forestalled judgment by default.

But notwithstanding the total insufficiency of the pleading, and the timely filing of a full answer upon the merits, the court below rendered personal judgment by default, not only against Gillis, but against his former wife, for the amount of the note, and for foreclosure of the mortgage. The latter alone has prosecuted this writ of error.

It is quite obvious that the judgment cannot stand, since it had no support in the pleadings, and since it was rendered by default in the face of an answer seasonably filed. Accordingly, the judgment is reversed, and the cause remanded.

---

# MEMORANDUM DECISIONS ·

---

## I

Willard ADKINS v. STATE. (No. 9078.) (Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from Criminal District Court, Dallas County; Grover C. Adams, Special Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. The conviction is for the burglary of a private residence, with the punishment fixed at five years' confinement in the penitentiary. There are no bills of exception in the record, and no statement of facts accompanies the same. The matters complained of in the motion for new trial are such as require verification by bills of exception, and in their absence nothing is presented which calls for consideration at the hands of this court. The indictment appears regular, the charge of the court applicable to facts provable under said charge, and an affirmance of the judgment becomes necessary; and it is so ordered.

---

## 2

Dave BONNER v. STATE. (No. 9018.) (Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from District Court, Austin County; M. C. Jeffrey, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant is under conviction for the unlawful possession of a still for the purpose of manufacturing intoxicating liquor, and his punishment was assessed at one year in the penitentiary. No bills of exception appear in the record, and no statement of facts accompanies the same. In this condition nothing is brought forward for review, and the judgment is ordered affirmed.

---

## 3

Ex parte G. C. CURL. (No. 9092.) (Court of Criminal Appeals of Texas. Nov. 26, 1924.) Appeal from Criminal District Court, Dallas County; Grover C. Adams, Special Judge, Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. From an order of the trial judge, remanding relator for extradition to the state of Arkansas, this appeal is prosecuted.

---

The executive warrant from the Governor of this state recites that it has been made known to him by the Governor of the demanding state that relator is under indictment for embezzlement in the latter state, and further recites that a copy of such indictment, properly authenticated, accompanies the demand. We have been unable to discover any irregularity in the proceedings from the record before us upon which relator could legally resist his return to Arkansas. The judgment is affirmed.

---

**1**

Frank FENNELL v. STATE. (No. 9059.)
(Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from Criminal District Court, Dallas County; Grover C. Adams, Special Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant has been condemned to the penitentiary for life upon conviction for the murder of one Jack Kendall. No statement of facts accompanies the record, and no bills of exception are incorporated therein. The indictment appears to be regular, and the charge of the court must be presumed to have been acceptable to appellant, as no objections appear to have been made thereto. Where the punishment is so severe as that imposed in the present case, it is much more satisfactory to this court to have the facts before us, but in their absence, and in the present condition of the record, nothing is brought forward for review, and our duty demands an affirmance of the judgment; and it is so ordered.

---

**2**

Carter FORREST v. STATE. (No. 8999.)
(Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from District Court, Upshur County; J. R. Warren, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The facts adduced upon the trial are not before this court. Neither do we find any bill of exceptions complaining of the ruling of the court, save a general exception to the charge of the court. We think the charge is not amenable to the objection made. So far as we are able to discern, in the absence of the statement of facts, the charge is without fault. The judgment is affirmed.

---

**3**

John P. HARDEE v. STATE. (No. 8983.)
(Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from District Court, Johnson County; Irwin T. Ward, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Johnson county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary. The record is before us without bills of exception or statement of facts. Appellant

pleaded guilty, and as far as the record reveals was appropriately warned and entered his plea to an indictment which charges an offense in conformity with law. No error appearing, the judgment will be affirmed.

---

**4**

Silas KENNEDY v. STATE. (No. 9104.)
(Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from District Court, Harrison County; P. O. Beard, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year. A plea of guilty was entered. No statement of facts accompanies the record, nor is there complaint of any ruling of the trial court preserved by bill of exceptions. No reason for a reversal has been perceived. The judgment is affirmed.

---

**5**

Louis PINKARD v. STATE. (No. 9075.)
(Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from Criminal District Court, Dallas County; Grover C. Adams, Special Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Dallas county of manslaughter, and his punishment fixed at two years in the penitentiary. Appellant was indicted for murder, and upon his trial was convicted of manslaughter. The record is before us without any bills of exception or statement of facts, and the indictment being in conformity with law, as is also the charge of the court, no error appears, and the judgment will be affirmed.

---

**6**

Josh ROBERSON v. STATE. (No. 8356.)
(Court of Criminal Appeals of Texas. Nov. 19, 1924. Rehearing Denied Dec. 17, 1924.) Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge. Ashworth & French, of Dallas, King & York, of Austin, and Tom K. Eplen, of Dallas, for appellant. Shelby S. Cox, Cr. Dist. Atty., of Dallas, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in criminal district court No. 2 of Dallas county of the manufacture of intoxicating liquor, and his punishment fixed at one year in the penitentiary. The record contains but one bill of exceptions, by which is presented appellant's complaint of the refusal of the trial court to affirmatively instruct the jury that Mrs. Andrew Stout was an accomplice. The record discloses that the state relied upon the proposition that the accused was making whisky on the farm of Andrew Stout. Andrew Stout was used as a witness by the state, and upon the facts was deemed by the learned trial judge to be an accomplice, and the jury were so instructed. Mrs. Andrew Stout also testified for the state to many damaging facts. It